# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sidney I. Schenkier | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 4516 | **DATE** | 6/18/2004 |
| **CASE TITLE** | Herron vs. Barnhart | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the reasons stated in the attached Memorandum Opinion and Order, the time for appeal from the Rule 58 judgment that took effect as a matter of law on January 26, 2004, shall be reopened, and the present petition allowed (doc. # 32), as falling within the extended 14-day period allowed by Fed.R.App.P. 4(a)(6). The Court also finds that Ms. Herron's fee petition (doc. # 35) is granted in the amount requested: $6,396.75, pursuant to 28 U.S.C. § 2412(d).

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | JUN 2 1 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 39 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| mm | courtroom deputy's initials | 2004 JUN 18 AM 9:03 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SAVANNAH HERRON, )
)
Plaintiff, )
) No. 02 C 4516
vs. ) Magistrate Judge Schenkier
)
JO ANNE B. BARNHART, )
Commissioner of Social Security, )
)
Defendant. )

**DOCKETED**

JUN 2 1 2004

## MEMORANDUM OPINION AND ORDER

Plaintiff, Savannah Herron, has filed a petition for attorney's fees under the Equal Access to Justice Act ("EAJA") (doc. # 35). The defendant, the Commissioner of Social Security (the "Government"), does not challenge timeliness of Ms. Herron's motion so long as the Court finds that the requirements of Federal Rule of Appellate Procedure ("Rule") 4(a)(6) have been met, but it does challenge the petition on the merits. For the reasons that follow, the Court finds that the petition is not procedurally barred, and that, on the merits, the petition should be granted. We therefore grant plaintiff an award of attorneys' fees in the amount of $6,369.75.

I.

We begin with the procedural issue. Although an EAJA petition is not uncommon when a social security claimant prevails in obtaining a remand in the district court, as the plaintiff did here, the timing of this particular petition is unusual. The Court entered summary judgment in favor of Ms. Herron on August 28, 2003 (doc. # 34), but she did not file her EAJA petition until May 10, 2004, about seven and one-half months later.



Plaintiff states that her first notice of the Court's summary judgment order remanding this case to the Social Security Administration ("SSA") was in "May 2004," pursuant to a notice sent by the SSA scheduling a hearing before an Administrative Law Judge ("ALJ") in June 2004 (Pl.'s Pet. at 2, ¶ 3). We note that it is this Court's practice to mail copies of the judgments entered in civil cases to all parties, and a phone call is routinely made to the parties inviting them to pick up copies of written orders. However, plaintiff's counsel surely had no incentive to delay filing a petition to receive fees after receiving notice of the Court's ruling. Thus, we have no reason to question (and the Government offers none) the representation of plaintiff's counsel that, despite this customary practice, she did not receive notice of the summary judgment ruling at or about the time it was entered.

Although the summary judgment order was entered on the docket on August 28, 2003, it is evident after review of the Clerk of the Court's records that a Rule 58 judgment was never entered on a separate document. The Government correctly states that, even if a judgment is not set forth on a separate document, that judgment is considered "entered," for purposes of the Federal Rules, 150 days after the entry of the judgment in the civil docket under Rule 79(a). *See* Fed. R. Civ. P. 58(b)(2). Based on this rule, final judgment was entered by operation of law on January 26, 2004.

We now turn to the question of how these anomalies affect the timeliness of the plaintiff's petition. A party seeking an award of fees under EAJA in an action against the agency must file a petition for fees "within thirty days of final judgment in the action." 28 U.S.C. § 2412(d)(1)(B). Under 28 U.S.C. § 2412(d)(2)(G), the judgment becomes "final" once the time for appeal has run. In an action against the SSA, the time for appeal does not end until sixty days after entry of

judgment. Fed.R.App.P. 4(a). An EAJA application must be filed within thirty days after the time for appeal has ended. *See* 28 U.S.C. § 2412(d)(1)(B), (d)(2)(G).

In this case, judgment was entered (by operation of law) on January 26, 2004; the sixty-day period for appeal ended on March 26, 2004; and the thirty-day period in which to file an EAJA petition ended on April 26, 2004. Plaintiff's petition for fees was filed on May 10, 2004, after the time for filing an EAJA petition had passed.

The question remains as to whether we should consider the plaintiff's petition, despite it not being filed within the prescribed EAJA time period. To answer that question, we look to Rule 4(a)(6) of Federal Rules of Appellate Procedure, which allows a court to reopen the time for appeal if:

> (A) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice of the entry, whichever is earlier; (B) the court finds that the moving party was entitled to notice of the entry of the judgment or order sought to be appealed but did not receive the notice from the district court or any party within 21 days after entry; and (C) the court finds that no party would be prejudiced.

Fed.R.App.P. 4(a)(6)(A)-(C).

Here, each of the three requirements of Rule 4(a)(6) has been met. *First*, the petition was filed on May 10, 2004, which is within 150 days after the entry of judgment (by operation of law) on January 26, 2004.[1] And, the petition was filed within seven days after the plaintiff received notice

---

[1] Plaintiff's counsel states that she first received notice of the summary judgment ruling through a notice from the SSA in "May 2004" (Pl.'s Pet. at 2). The Government suggests that this is not sufficient to verify that the May 10 petition was filed within the prescribed seven-day period (Def. Mem. at 3). We disagree. Rule 26(a) of the Federal Rules of Appellate Procedure, like Rule 6(a) of the Federal Rules of Civil Procedure, provides that when a Rule prescribes a time period of fewer than 11 days, weekends and holidays are excluded from the calculation. Since May 1-2 and 8-9, 2004 were weekend days, there is no question that the filing of the petition on May 10 was within seven days (as counted under the Rules) of the plaintiff receiving notice of the judgment. In any event, the plaintiff has since

3

of the judgment by the notice of the SSA scheduling the matter for hearing. *Second,* as explained above, the Court credits the statement of plaintiff's counsel concerning when she received notice of the judgment. *Third,* the Government has not asserted that it would suffer any prejudice from the timing of the petition, and we find none.

The Government agrees that Rule 4 governs this issue. In fact, the Government waives any timeliness objection in the event that "the Court finds that Plaintiff has satisfied the requirements of that rule" (Def.'s Mem. at 2).[2] And, we have no doubt about our jurisdiction to address this issue. *See Scarborough v. Principi,* __ U.S. ___, 124 S.Ct. 1856, 1864 (2004) (the question of whether a fee award is time-barred "does not concern the federal courts 'subject-matter jurisdiction.' Rather, it concerns a mode of relief . . . ancillary to the judgment of a court that has plenary 'jurisdiction of the civil action' in which the application is made'"); *see also Clark v. Busey,* 959 F.2d 808 (9th Cir. 1992).

## II.

We therefore turn now to the merits of Ms. Herron's petition for fees. We begin with the governing legal standards. Under the EAJA, unless special circumstances make an award unjust, a court will award attorney's fees to a prevailing party other than the Government if the position of the United States was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A). The Commissioner's

---

clarified that she received the SSA notice on May 5, 2004 and obtained a copy of the summary judgment ruling on May 7, 2004 (Pl.'s Reply Mem. at 2); the filing of the petition on May 10 satisfied the seven-day period when measured from either date.

[2] Ironically, the plaintiff objects to this use of Rule 4(a)(6) (Pl. Reply Mem. at 2), but offers no viable method for dealing with this unusual situation. Because we find that Rule 4(a)(6) provides the best fit in this situation, we apply it here while recognizing that something of a fiction is involved because we are reopening the time to appeal a judgment that plaintiff, undoubtedly, would not want to appeal since she won, and that already is before the SSA once again, and a judgment that the Government cannot appeal because it had notice of the Court's ruling and thus cannot satisfy the requirements of Rule 4(a)(6). Thus, here, the limited purpose for reopening the approval period is to allow for the filing of plaintiff's EAJA petition to be deemed timely.

4

position is substantially justified "if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994) (quoting *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988)). The Seventh Circuit has explained that the substantial justification standard requires the Government to show "that its position was grounded in '(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced.'" *United States v. Hallmark Construction Co.*, 200 F.3d 1076, 1080 (7th Cir. 2000) (citing *Phil Smidt & Son, Inc. v. NLRB*, 810 F.2d 638, 642 (7th Cir. 1987) (quoting *Donovan v. DialAmerica Mkting, Inc.*, 757 F.2d 1376, 1389 (3d Cir. 1985)).

Under the EAJA, the Government bears the burden of proving that its position was substantially justified. *Hallmark Construction*, 200 F.3d at 1079; *see also Marcus*, 17 F.3d at 1036. In making a determination of substantial justification, a court may consider the Government's litigation position as well as its prelitigation conduct. *Marcus*, 17 F.3d at 1036. EAJA fees may be awarded if either the Government's prelitigation conduct or its litigation position is not substantially justified. *Id.* However, the district court is to make only one determination for the entire civil action. *Id.* This global assessment requires that the district court examine not simply whether the Government was substantially justified at the beginning or end of the proceedings, but also whether the Government was substantially justified in continuing to push forward at each stage. *Hallmark Construction*, 200 F.3d at 1081. If substantially justified in its position, the Government will not be ordered to pay fees under EAJA, even if the plaintiff prevailed in the underlying action. *See Berman v. Schweiker*, 713 F.2d 1290, 1295, n. 18 (7th Cir. 1983) ("Congress . . . made clear, . . . that, merely because the government loses a case, a presumption does not arise that the government's position

was not substantially justified"). *See also Young v. Sullivan*, 972 F.2d 830 (7th Cir. 1992); *Kolman v. Shalala*, 39 F.3d 173 (7th Cir. 1994); *Jackson v. Chater*, 94 F.3d 274 (7th Cir. 1996).

After review of the record, the Court concludes that the Government's position was not substantially justified. The Court remanded this case to the Commissioner because we found that: (1) the ALJ did not provide sufficient articulation regarding the side effects of her medication on her residual functional capacity ("RFC") to perform light work; and (2) the ALJ made certain errors regarding the medical evidence and Ms. Herron's medical conditions that undermined the basis for confidence in his decision. It was the Court's view (and still is) that if the ALJ had correctly interpreted the medical evidence before him, a different result regarding Ms. Herron's RFC might have resulted. We do not view this as a credibility determination, as the Government argues now. We view the ALJ's errors as mistaken interpretations of the medical, factual evidence before him that go directly to the issue of whether Ms. Herron is disabled.

The Court also disagrees with the Government's argument that fees cannot be awarded here because "the Court did not find against the Commissioner on the ultimate issue in this case, namely whether Plaintiff is disabled as defined by the regulations" (Def.'s Mem. at 5).[3] The Court did not reach the "ultimate issue in this case" because the ALJ's written determination failed to build "a logical bridge from the evidence to [the] conclusion." *Zurawski*, 245 F.3d at 887. Without a comprehensive rationale to follow, the Court cannot pass on the ultimate issue of disability. Moreover, given the Seventh Circuit's numerous decisions consistently emphasizing the need for

---

[3]To the extent that the government also argues that Ms. Herron is not a "prevailing party" because we did not reach the ultimate issue of disability (*i.e.*, did not outright reverse the Commissioner's decision), that argument is without merit. A remand, for any reason, is sufficient to render the plaintiff a "prevailing party" on appeal because the remand order constitutes a Rule 58 final judgment, therefore satisfying EAJA, 28 U.S.C. § 2412(a)(2)(H) for "prevailing party" status. *See Shalala v. Schaefer*, 509 U.S. 292, 302, 113 S.Ct. 2625, 2631-32 (1993).

ALJs to build a "logical bridge for their decisions," and what that requires, we do not believe that the Government was substantially justified in arguing that the ALJ satisfied that requirement here.

## CONCLUSION

For the reasons given above, the time for appeal from the Rule 58 judgment that took effect as a matter of law on January 26, 2004, shall be reopened, and the present petition allowed (doc. #32), as falling within the extended 14-day period allowed by Fed.R.App.P. 4(a)(6). The Court also finds that Ms. Herron's fee petition (doc. # 35) is granted in the amount requested: $6,396.75, pursuant to 28 U.S.C. § 2412(d).[4]

**ENTER:**

**SIDNEY I. SCHENKIER**
**United States Magistrate Judge**

**Dated: June 18, 2004**

---

[4]The Court notes that, although the government contested the merits of plaintiff's fee petition, it did not contest the amount of fees requested.